**Armen SARGSYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 04–71312.
Agency No. A75–708–648.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*\*

Decided Dec. 12, 2005.

Melanie M. Yang, Esq., Rose, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Earle B. Wilson, Esq., Leslie McKay, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Armen Sargsyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review in part and dismiss in part.

The BIA did not abuse its discretion in denying Sargsyan's untimely motion to reopen because Sargsyan failed to establish prima facie eligibility for asylum or withholding of removal based upon changed country conditions in Armenia. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen").

---

Fed. R.App. P. 34(a)(2). Accordingly, Sargsyan's request for oral argument is denied.

We lack jurisdiction to consider Sargsyan's claim that he did not receive notice of the BIA's decision because the notary used her own address rather than Sargsyan's, because Sargsyan did not raise this argument before the BIA in his motion to reopen. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.